UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POTTER, individually and                               CASE NO.:
on behalf of all others similarly situated

VERSUS

CENIKOR FOUNDATION, INC. and
BILL BAILEY, II

**COMPLAINT—FLSA COLLECTIVE ACTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff John Potter, individually and on behalf of other similarly situated individuals, who brings this Complaint pursuant to the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq*. and alleges as follows:

*Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as Plaintiff's claims arise under 29 U.S.C. § 216(b).

*Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff and many of the putative members of this collective action were employed and worked in this district while being subject to the defendants' unlawful payroll scheme.

*The Defendants*

3.

Made Defendants herein are the following:

I. Cenikor Foundation, Inc. ("Cenikor"), a Texas based corporation with its principal business establishment in Louisiana located at 2414 Bunker Hill Drive, Baton Rouge, LA 70808; and

II. Bill Bailey, II ("Bailey"), a natural person of the age of majority residing, upon information and belief, in Harris County, Texas.

*Statement of Facts*

4.

Cenikor is an inpatient facility that provides rehabilitation counseling to its patients. As a part of the its program, Cenikor assigned Plaintiff Potter and the putative members of the collective action to third-party companies for "work."

5.

Cenikor selected the jobs and employers for Plaintiff Potter and the putative members of the collective action.

6.

Cenikor arranged for and negotiated the terms of employment between the third party companies and Plaintiff Potter and the putative members of the collective action.

7.

Cenikor had the authority to, and in fact did, make all employment-based decisions on behalf of Plaintiff Potter and the putative members of the collective action.

8.

At all times relevant herein, Defendant Bailey was the Chief Executive Officer of Cenikor. Upon information and belief, Bailey established, perpetuated, and/or implemented Cenikor's policy to (1) not pay Plaintiff Potter and the putative members of the collective action a minimum wage; (2) not pay Plaintiff Potter and the putative members of the collective action overtime compensation; (3) unlawfully assign Plaintiff Potter's and the putative members' of the collective action wages from third parties to Cenikor; and (4) not pay wages that were "free and clear." Bailey had the authority to, and did make all employment-based decisions on behalf of Plaintiff Potter and the putative members of the collective action.

9.

Defendants are in the business of providing inpatient healthcare related services to mentally ill individuals. Specifically, Cenikor provides inpatient rehabilitation-related services. Accordingly, Defendants are jointly and individually covered enterprises under the FLSA.

10.

Cenikor is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

11.

On information and belief, Cenikor has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

12.

On information and belief, employees of Cenikor use computer systems, medicine, medical supplies, and instruments and tools that were produced in commerce. Defendants further transact business in multiple states.

13.

Plaintiff and all putative collective members' are "employees" of Defendants as defined by 29 U.S.C. § 201(e)(1).

14.

Defendants are Plaintiff Potter's and the putative members' of the collection action "employer" within the meaning of the FLSA, 29 U.S.C. §203(d). Defendants (1) controlled the time, place, and manner of work for Plaintiff Potter and the putative members of the collective action, and (2) had a much larger investment, in comparison to Plaintiff Potter and the putative members of the collective action, relative to the work performed.

15.

Defendants required Plaintiff Potter and the putative members of the collective action to work far in excess of 40 hours per week. However, Defendants never paid Plaintiff Potter and the putative members of the collective action for the work performed. Accordingly, Defendants violated the federal minimum wage and overtime requirements of the FLSA relative to its arrangement with Plaintiff Potter and the putative members of the collection action.

16.

Defendants' payroll scheme is to have Plaintiff and the putative collective members' perform work for a third-party, then pocket the wages earned by the workers in exchange for board, lodging, and other facilities. Such policy is in violation of 29 C.F.R. §531.35 because the wages were not paid finally and unconditionally, or free and clear.

17.

Defendants unlawful payroll scheme constitutes an unlawful "kickback," as that term is defined in 29 C.F.R. §531.35 because Cenikor benefited in whole or in part by the scheme.

Specifically, the wages assigned to Cenikor were used to profit, and pay, upon information and belief, the salaries of Defendant Bailey and other personnel of Cenikor.

18.

While the FLSA does authorize the deduction from wages for the payment of "facilities" under certain circumstances that do not exist herein, Cenikor deducted more than the reasonable cost or fair value of providing board, lodging, or other facilities to an employee.

19.

Plaintiff Potter and the putative members of the collective action suffer from substance abuse-related addiction. Cenikor used the mental illness of addiction suffered by Plaintiff Potter and the putative members of the collective action to hide and obscure the wage violations by (1) not identifying to Plaintiff Potter and the putative members of the collective action the actual amount of wages being earned by them; (2) not identifying to Plaintiff Potter and the putative members of the collective action the reasonable costs associated with board, lodging, and other facilities prior to making such unlawful deductions; and (3) keeping Plaintiff Potter and the putative members of the collective action under the threat of removal from and cessation of the rehabilitation services treating their mental illness. These wrongful acts by Defendants constitute extraordinary circumstances to equitably toll the statute of limitations for Plaintiff Potter and the putative members of the collective action.

*FLSA Collective Action Allegations*

20.

Plaintiff Potter brings the claims set forth above on his own behalf and on behalf of a collective defined as all similarly situated persons employed by Defendants to whom Defendants required them to work for third-parties and withheld all or portions of their wages.

21.

Defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include several thousand individuals. To the extent required by law, notice will be provided to the prospective members of the collective *via* first class mail and/or by use of other forms of notice including emails, texts and postings that have customarily been used in collective actions, subject to Court approval.

22.

Plaintiff Potter is similarly situated to the proposed collective as there are questions of fact and law common to the both Plaintiff and the collective, including (a) whether Defendants failed to pay a minimum wage as required by the FLSA; (b) whether Defendants' payroll scheme violated the "free and clear" provisions of the FLSA; (c) whether Defendants' payroll scheme constituted an unlawful assignment of wages in violation of the FLSA; and (d) whether Defendants failed to pay overtime wages as required by the FLSA.

23.

Defendants have knowingly and willfully violated the FLSA relative to their employment of Plaintiff Potter and the putative members of the collective action. Accordingly, Plaintiff Potter and the putative members of the collective action are entitled to liquidated damages, reasonable attorneys' fees, and the costs of these proceedings.

24.

Attached hereto and made a part hereof as Exhibit A is the FLSA Consent to Sue form executed by Plaintiff Potter in accordance with 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, John Potter, individually and on behalf of the collective members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in collective notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendants;

3. An order appointing Plaintiff and his counsel to represent the collective members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

5. A judgment declaring that Defendants Cenikor Foundation, Inc. and Bill Bailey, II are liable *in solido* for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action;

6. Any other relief that this Court deems just.

Respectfully Submitted:

**THE BULLMAN LAW FIRM, LLC**

/s/James R. Bullman
James R. Bullman, Bar Roll No. 35064 –T.A.
201 St. Charles Street
Baton Rouge, LA 70802
Telephone:  (225) 993-7169
Facsimile:  (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiff*

AND

/s/Christopher Jones
CHRISTOPHER K. JONES, #28101
PATRICE HALEY #38250
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email: cjones@keoghcox.com
phaley@keoghcox.com
*Attorney for Plaintiff*

AND

/s/Philip Bohrer
PHILIP BOHRER, #14089
SCOTT E. BRADY, #24976
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
Email:phil@bohrerbrady.com
scott@bohrerbrady.com
*Attorney for Plaintiff*